THE BIRDSELL MANUFACTURING COMPANY

*v.*

WILLIAM H. OGLEVEE *et al.*

*Opinion filed October 19, 1900.*

1. APPEALS AND ERRORS—*weight of evidence is not a question for the Supreme Court in suits at law.*  If there is any evidence in the record tending to support the judgment of the Appellate Court in a suit at law, such judgment, so far as the facts are concerned, is not reviewable by the Supreme Court, whether the evidence in support thereof is weak or strong.

2. ACTIONS AND DEFENSES—*one electing to treat agent's unauthorized transfer of property as a sale waives action in tort.*  If a manufacturing company, which employs a corporation as agent to sell its machinery, elects to treat an unauthorized disposition of certain machinery by the corporation as a sale and to accept the corporation as its contract debtor for the amount, such company cannot thereafter sue either the corporation or its individual members in tort for a conversion of the property.

*Birdsell Manf. Co. v. Oglevee,* 87 Ill. App. 351, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

On January 11, 1895, appellant, an Indiana corporation, made a consignment of wagons and other property to the Leavitt & Oglevee Company, an Illinois corporation, the consignee agreeing to sell the same and to remit the proceeds thereof, when sold, to appellant.   A part were sold and remitted for.   On December 18, 1895, the

Leavitt & Oglevee Company traded the balance of the property consigned to it by. the appellant, invoiced at $1475.15, with other property, to one Evans for the equity in a tract of land located in the State of Missouri. On January 26, 1896, and again on December 7, 1896, the appellant was advised of this trade, and all the details thereof, and made no objections thereto.

In July and August, 1895, the Leavitt & Oglevee Company was garnisheed, as a debtor of appellant, at the suit of the Illinois Malleable Iron Company and the Independent Fire Sprinkler Company, for the respective sums of $635.19 and $414.50, and for which sums, on December 8, 1896, by the consent of appellant, judgments were rendered against the Leavitt & Oglevee Company. These judgments were afterward set aside on the ground that no judgments had been rendered against the appellant prior to the rendition thereof. Later, however, judgments were rendered against appellant, and the judgments against the garnishee were renewed.

On November 26, 1897, this suit was brought in assumpsit against the appellees, as individuals, for the purpose of recovering the balance due appellant from the Leavitt & Oglevee Company, that company having become insolvent, and the appellees having been the officers and managers thereof at the time the trade was made with Evans. Later the form of action was changed to trover. A jury having been waived, a trial by the court resulted in a finding and judgment in favor of appellees,. which judgment has been affirmed by the Appellate Court for the Third District, and the present appeal is prosecuted from such judgment of affirmance.

SHOPE, MATHIS & BARRETT, J. B. HUTCHINSON, and MOORE, WARNER & LEMON, for appellant.

GEORGE K. INGHAM, B. F. SHIPLEY, and MILLS BROS., for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant insists there is no evidence to support the judgment in this case, and for that reason, mainly, asks for a reversal thereof. We have looked into the record carefully, and are of the opinion it contains some evidence tending to show that after appellant was notified of the transfer to Evans it acquiesced therein, treated its consignment as a sale to the Leavitt & Oglevee Company, and thereby waived the alleged tort and elected to accept such company as its contract debtor. Whether this evidence is weak or strong is not a question for this court, as the judgment of the Appellate Court in respect to the facts, where there is any evidence tending to support the judgment, is final, and cannot be reviewed by this court. *Chicago and Alton Railroad Co.* v. *Kelly,* 127 Ill. 637; *Hamburg-American Packet Co.* v. *Gattman,* 127 id. 598; *Cothran* v. *Ellis,* 125 id. 496; *McCormick Machine Co.* v. *Burandt,* 136 id. 170; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 138 id. 37; *National Syrup Co.* v. *Carlson,* 155 id. 210.

The appellant contends the Leavitt & Oglevee Company and the appellees are joint tort-feasors, and that the evidence of waiver as to the company is immaterial; that it may elect to waive the tort as to the Leavitt & Oglevee Company, and afterwards sue the appellees in an action *ex delicto* for the conversion of its property wrongfully turned over to Evans. A corporation can act only through its officers or agents. If the Leavitt & Oglevee Company wrongfully converted the property of appellant at the time of the transfer to Evans and thereby made itself liable to an action in tort, such tort could be waived only by the acts and dealings of appellant with the officers of the Leavitt & Oglevee Company. In this case the appellees were acting as officers of the Leavitt & Oglevee Company in making the transfer to Evans. When the appellant elected to treat the transfer by the Leavitt & Oglevee Company to Evans as authorized and accepted the Leavitt & Oglevee Company as its

debtor, it waived its right of action in tort against the appellees as officers and managers of the company, as well as against the company.

"A man may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one with knowledge, or the·means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and selecting again." (28 Am. & Eng. Ency. of Law, p. 570.) It was held in *Buckland* v. *Johnson*, 15 C. B. 145: "Where the plaintiff has sued one of two joint tort-feasors in tort and recovered judgment, he can not afterward sue the other for money had and received;" and in *Terry* v. *Munger*, 121 N. Y. 161, that the bringing of an *ex contractu* action by the owner against some of the wrongdoers for the conversion of personal property is a final election to treat the transaction as a sale, and that the owner of the property cannot subsequently sue another wrongdoer for a conversion thereof. The court say: "It is urged that this election of the plaintiffs is not binding upon them in favor of the defendant herein, because it was only against the defendants in the other action that they made their election. It is said there is no case to be found where an election has been treated as binding in favor of a stranger to the transaction, and that the defendant herein is such stranger so far as the plaintiff's transaction with the defendants in the other action is concerned. I do not think this claim can be maintained. In the first place, what is the nature of the plaintiffs' act in electing to consider the transaction as a sale? It is a decision or determination upon their part to, in effect, ratify and proclaim the lawfulness of the act of taking the property, and it is an assertion on the plaintiffs' part that in so doing the plaintiffs' interest in the property was purchased, and that thereby their whole

title was transferred and they ceased to own any part of the property, and that those who took it impliedly promised the plaintiffs to pay them the value of their interest in such property. This being so, why does not such transfer of title bind the plaintiffs as to the whole world? Surely, the title which plaintiffs once had in the property cannot at the same time rest with them and pass to those who took it. If the title really once passed, that would be a fact actually existing, which anybody ought to have the right to prove if it became material in protecting his own rights."

If, with full knowledge of all the facts, the appellant deliberately elected to treat the transaction, in which appellees' share was well known, as a sale of the property, it cannot afterwards recover from the appellees damages for the conversion by them of the very same property which it has already said it sold, by virtue of the very transaction which it now claims amounted to a conversion of the property by appellees. The appellant, by its own free choice, elected to sell the property to the Leavitt & Oglevee Company, and having done so, it necessarily follows it has no cause of action against the appellees for an alleged conversion of the same property by the same acts which it had already treated as amounting to a sale. The evidence tending to show the appellant, after being notified of the transfer to Evans, acquiesced in such transfer and treated its consignment as a sale to the Leavitt & Oglevee Company, and thereby waived the alleged tort and accepted such company as its contract debtor, was competent and material and proper to be considered by the court in determining the liability of appellees.

We find no substantial error in this record. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*