THE SOUTH CHICAGO CITY RAILWAY COMPANY

*v.*

WILLIAM H. PURVIS.

*Opinion filed December 18, 1901.*

EVIDENCE—*when evidence is admissible though tending to prove independent cause of action.* The fact that evidence tends to support a charge of negligence not alleged in the declaration does not render it inadmissible, if it has a material bearing upon the charge of negligence made in the declaration.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Charles C. Gilbert, for appellant.

Theodore G. Case, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an action on the case brought by the appellee, by his father and next friend, against the appellant, to recover damages for a personal injury. The jury returned a verdict in favor of the appellee for $2000. The appellant made a motion for a new trial. The appellee entered a *remittitur* of $500, whereupon the court overruled the motion and rendered judgment upon the verdict for $1500, from which judgment the appellant prosecuted an appeal to the Appellate Court for the First District, where the judgment was affirmed, and a further appeal has been taken to this court.

The declaration contains only one count, and alleges, in substance, that on October 6, 1897, a street car of the appellant was moving in an easterly direction along Ninety-second street, in the city of Chicago, near the intersection of said street with Ontario avenue, and that the appellant, by its servants, so carelessly, recklessly and improperly managed and controlled said street car that the appellee, a minor of the age of six years, who was about to cross the tracks of the defendant at said intersection, and who was exercising due care and caution, was struck by the said street car with force and violence, was thrown down and received many severe and permanent injuries upon and about his body, etc. The plea was not guilty.

Ontario avenue runs north and south in the city of Chicago and is crossed at right angles by Ninety-second street, upon which street appellant has a double track street railway. On the afternoon of October 6, 1897, appellee started to cross Ontario avenue at said intersection from the north-east corner to the south-west corner thereof, and when near the south-west corner was struck

by a car of the appellant approaching from the west and was thrown down and severely injured.

The brief of appellant is mainly devoted to a discussion of the facts. In this court such discussion is futile. There was a conflict in the evidencé as to the speed of the car, and whether the gong was sounded at the time of the injury. As the jury and the trial court found the facts in favor of the appellee, and the Appellate Court affirmed such finding, this court is without power to review the same. In *Birdsell Manf. Co.* v. *Oglevee*, 187 Ill. 149, on page 151 we say: "Whether this evidence is weak or strong is not a question for this court, as the judgment of the Appellate Court in respect to the facts, where there is any evidence tending to support the judgment, is final, and cannot be reviewed by this court."

It is urged that the court erred in admitting, over the objection of appellant, evidence that the brake and controller upon the car which struck appellee worked hard and were out of repair. The evidence complained of was inadmissible as tending to support an independent cause of action. It was, however, admissible as bearing upon the question of the manner in which the car should have been run and operated when approaching the avenue. The fact that the evidence tended to support a charge of negligence not made in the declaration did not render it improper, so long as it had a material bearing upon the charge of negligence made in the declaration. (*North Chicago Street Railway Co.* v. *Cotton*, 140 Ill. 486). Especially is that true in view of the fact that the court gave to the jury an instruction which limited the effect of such evidence, and informed them there could be no recovery based upon the fact that the brake and controller upon the car worked hard or were out of repair.

It is also claimed that certain remarks of the attorney for appellee in his argument to the jury were improper. While appellee's attorney, in the argument of the case before the jury, traveled outside the record and his con-

duct in that regard is subject to criticism, we do not think his remarks so far objectionable as to justify us in reversing the case.

We find no reversible error in this record.   The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*