## Francis H. O'Connor v. John Prendergast.

1. VARIANCE—*Pleadings and Proofs.*—In an action for personal injuries, under a declaration alleging that the defendant wrongfully and negligently allowed a certain railing around an opening in a sidewalk to remain in bad and unsafe repair, and it became broken and insecurely fastened, by means whereof the plaintiff, who was standing and leaning against said railing, was thrown into the basement below, and "thereby his back was badly hurt and injured, and he was then and there otherwise permanently injured, both in health and body, that he has suffered, and continues to suffer, great pain therefrom, and was, and has been from thence hitherto hindered and prevented from transacting his business and affairs," it is error to permit the introduction of evidence tending to show that the only serious injury claimed to have been suffered was to his left leg above the knee, and that it had been operated upon three times at different hospitals since the accident.

2. PLEADING—*Rules Governing Actions for Personal Injuries.*—It is a rule of pleading that whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, the plaintiff must state the particular damage he has sustained or he will not be permitted to give evidence of it, on the trial.

3. PRACTICE—*On Motions for New Trials.*—A party is not bound to read his motion for a new trial to the court *in extenso* or to comment upon each ground stated in it. Nor is he deemed to have waived the points not read or commented upon, provided he has not in some way or manner deceived the trial court, or in some other way waived such points.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed and remanded. Opinion filed January 21, 1902.

C. PORTER JOHNSON and D. I. JARRETT, attorneys for appellant.

EDWARD MAHER and GEORGE LAUDER TURNBULL, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit for personal injuries alleged to have been suffered by appellee in falling into an area opening from the sidewalk adjoining premises of appellant. It is claimed that the railing protecting the area was by appellant's negligence out of repair and insecurely fastened, by reason of which it broke while appellee was standing on the sidewalk leaning against it. The injuries appellee claims to have suffered by the fall are in the declaration thus stated: "The plaintiff's back was then and there badly hurt and injured, and the plaintiff was then and there otherwise permanently injured both in health and body; that he has suffered and continues to suffer great pain therefrom and was and has been from thence hitherto hindered and prevented from transacting his business and affairs." The other counts also aver an injury to appellee's back as the specific cause of complaint and each of them states that it was his back which "was badly hurt and permanently injured."

Upon the trial, evidence was introduced tending to show that the only serious injury claimed to have been suffered was to the left leg above the knee, and that this had been operated on three times at two different hospitals since the accident. A physician, called as a witness for appellee, testified that he had examined the latter the day before his testimony was given, the examination extending over a period of about twenty minutes, and that he found nothing wrong with the back except that the patient stated it was very painful; but that he found a fistulous opening on the lower third of the left thigh connection with the bone, and that this bone is diseased and incurable except by amputation. This testimony was introduced over the repeated objections and exceptions of appellant's attorney.

It is contended it was erroneous to permit the introduction of this testimony under the declaration, which in no

way advised the defendant that appellee claimed to have
suffered any special injury except to his back.   The con-
tention is well founded.   Appellee was only entitled to
recover, if at all, upon the case made in his declaration.
The defendant was entitled to know from the declaration
what the special character of the injury was for which
compensation is sought in damages, that he might be
enabled to meet the charge.   To hold that a party suing
for damages, who has led the defendant to suppose recovery
is sought chiefly for alleged injuries to the plaintiff's back,
can at the trial utterly ignore the charge in the declara-
tion and spring evidence that he has suffered an injury of
an entirely different character, in consequence of which he
must suffer amputation of a leg, and thereby recover such
damages as a jury may consider adequate for such prospect-
ive loss, is at variance no less with the rules of pleading
than of fair play.   Nor does the general averment that the
plaintiff " was otherwise internally and permanently injured
in health and body," afford a sufficient basis for such evi-
dence.   This general averment is limited and restricted by
the special allegation, and the defendant was thereby ad-
vised only that he might be required to meet evidence
tending to show internal and permanent injuries related to
or resulting from the alleged specific injury to the back;
such, for example, as might result from the blow or contu-
sion which directly caused the alleged injury to the back.
It is true, as stated in W. C. S. R. R. Co. v. Levy, 182 Ill.
525-527, that it is not necessary to allege specially every
injury to each part of the body in actions of this character
in order to prove them at the trial;  but the evidence should
tend to show that the injury averred is, " the natural and
proximate cause " of the other injuries for which damages
are claimed.   It can not be properly claimed that the injury
to the back averred in the declaration is in any way the
natural and proximate cause or in any way the cause of the
injury to the leg sought to be shown by the evidence ob-
jected to.   When a man specially complains of pain in his
back, no one, doctor or layman, expects to find his leg

broken. The diseased condition of the leg is not an injury necessarily resulting from the negligence charged in the declaration, nor from the plaintiff's alleged fall. In Olmstead v. Burke, 25 Ill. 86, it is said : "It is a rule of pleading that whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant, the plaintiff must state the particular damage he has sustained or he will not be permitted to give evidence of it." See also, Miles v. Weston, 60 Ill. 361; City of Chicago v. Crooker, 2 Brad. (Ill. App.) 279–283; Myer & Sons Co. v. Davies, 17 Ill. App. 228–230; Shadock v. Plank Road Co., 79 Mich. 7–11; C., C., C. & St. L. v. Eggman, 71 Ill. App. 42–50; Ebsery v. Chicago City Ry. Co., 164 Ill. 518–523.

A plaintiff can not be permitted to specially aver one cause for recovery of damages, and at the trial prove another entirely different, any more than having averred negligence in one respect, he can introduce evidence to prove negligence of an entirely different character.

It is urged by appellee's attorney that the errors in admission of evidence were not argued in presenting the motion for a new trial, and were thereby waived. It appears from the record that repeated objections to the introduction of this evidence were made at the trial and overruled.

Appellant's attorney had thus called the court's attention to his objection so often that he had a right to presume the court had been fully advised, and had definitely and finally determined the point against him. He might very well have felt that to argue it again *in extenso*, when it had been so repeatedly decided against him, would seem disrespectful. Under these circumstances it was enough to raise it in his written motion, and thus preserve his rights. In World's Columbian Exposition v. Bell, 76 Ill. App. 591, 597, we said : " A party is not bound to read his motion to the court *in extenso*, or to comment upon each and every item thereof. Nor is he to be deemed to have waived those points not

read or commented upon, provided he has not in some manner deceived the trial court or otherwise waived such points."

One of the grounds urged upon the motion for a new trial was newly-discovered evidence, the nature of which is shown by affidavits, tending to prove that the diseased condition of appellee's leg dated back to his boyhood, long prior to the accident complained of, and is to be ascribed to other causes. This showing emphasizes the reason for the rule limiting the right of a plaintiff to introduce evidence except to prove the case made in his declaration.

Other points are discussed in the briefs, which need not now be considered. The judgment of the Circuit Court must be reversed and the cause remanded.