## PUGET SOUND ELECTRIC RY. v. VAN PELT.

(Circuit Court of Appeals, Ninth Circuit. February 15, 1909.)

### No. 1,634.

1. MASTER AND SERVANT (§ 264*)—MASTER'S LIABILITY FOR INJURY TO SERVANT
—ACTIONS—VARIANCE.

In an action by a motorman against a street railroad company to recover
for a personal injury resulting from the exploding of a fuse which was
designed to explode in case an excessive amount of electricity passed
through it, where the only negligence alleged was the placing of the fuse
where it was dangerous to the motorman, whereas it could have been so
placed as to avoid such danger, the admission of evidence showing the
manner and cause of the explosion was not error as allowing plaintiff to
prove a different act of negligence, where the jury were charged that
plaintiff must prove the negligence alleged to be entitled to recover, but
the evidence was admissible as explaining the circumstances surrounding
the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 865;
Dec. Dig. § 264.*]

2. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR—ADMISSION OF
EVIDENCE—FACTS OTHERWISE ESTABLISHED.

Where the jury upon the undisputed evidence must have reached the
same conclusion as an expert witness, or where his evidence is on a point
on which the jury are entirely competent to decide in accordance with the
general experience, the admission of expert testimony will not be regarded
on appeal as ground for reversing the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–
4170; Dec. Dig. § 1051.*]

3. EVIDENCE (§ 219*)—ADMISSIONS—PERSONAL INJURY—SETTLEMENT WITH IN-
SURANCE COMPANY.

In an action for a personal injury, evidence that plaintiff held a policy
of accident insurance, and that after the injury, but two months before
commencement of the action, he settled with the insurance company on
the basis of an injury less serious than that alleged in the complaint, did
not intend to prove the admission of any fact by plaintiff tending to con-
tradict the allegations of the complaint, and was properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 767; Dec. Dig.
§ 219.*]

4. MASTER AND SERVANT (§ 295*)—MASTER'S LIABILITY FOR INJURY TO SERVANT
—ACTIONS—INSTRUCTIONS.

Instructions, in an action by an employé against the master for a per-
sonal injury, on the issue of assumption of risk, considered as a whole,
held not erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1168;
Dec. Dig. § 295.*]

Ross, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern
Division of the Western District of Washington.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant in error was employed as a motorman on an interurban electric train running between the cities of Seattle and Tacoma. His duties required him to ride in a small compartment partitioned off in front of the front motor car. In the apparatus used for lighting and heating the cars of the train, there was used what is known as a "heating and lighting fuse," one end of which was connected with the lighting and heating wire of the car. The fuse was filled with a certain kind of powdered substance used for the purpose of producing an explosion in case an unusual current of electricity passed through it. The defendant in error was injured by the explosion of this fuse. In his complaint to recover damages on account of said injuries, he alleged "that this fuse, or 'plug,' as it is commonly called, was by the defendant carelessly and negligently and unnecessarily placed in the front part of the motorman's cab in said motor car herein referred to, and at a height about as high as the motorman's face, and in a position of great danger to the motorman while engaged in the operation of his said car. That this fuse could as well have been placed in some safe place about said car where its explosion would cause no injury to any one, as where it was placed in the motorman's cab in front of his face." And the complaint further alleged that while the defendant in error was in the discharge of his duties on said motor car the said electric fuse or plug exploded with great force and violence, accompanied by a powerful flash of electricity immediately in front of his face, blowing his face and his eyes full of the powdered substance contained therein, and causing him much physical and mental pain, rendering him blind for a long period of time, etc. The plaintiff in error answered, denying the material allegations of the complaint, and setting up the affirmative defenses of contributory negligence and assumption of risk. On the trial the jury returned a verdict for the defendant in error for the sum of $2,000.

James B. Howe and Hugh A. Tait, for plaintiff in error.

J. F. Fitch, B. F. Jacobs, and Wilmon Tucker, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is contended that the court erred in permitting two witnesses for the defendant in error to testify to facts tending to show that the unusual current of electricity which caused the explosion of the fuse was created by a wire connecting two of the coaches of the train, which was pulled out of its coupling, and thereupon fell and came in contact with the hose hanger and grounded the current. It is urged that this evidence was inadmissible for the reason that the only ground of negligence alleged in the complaint was negligence in placing the fuse in the position in the car in which it was, and that it was not alleged that the pulling out of the connecting wire between the trains resulted from any negligence of the plaintiff in error. In other words, the contention is that the defendant in error, having alleged one specific act of negligence, was allowed to introduce evidence of another act of negligence not alleged in his complaint. The plaintiff in error was using a fuse which was so made as to explode upon the sudden irruption of a strong electric current. The negligence charged was the act of placing the fuse and leaving it unprotected in a position where it was dangerous to the motorman, whereas it could have been so placed as to avoid such danger. It was to show how it occurred that a current of sufficient force to cause the explosion came to the fuse that the evidence was introduced, not to show an act of negligence on the part of the plaintiff in error.

While it may not have been necessary to adduce such evidence, there can be no question that it was admissible as showing the circumstances under which the accident occurred. That the current might in the ordinary operation of a train become short-circuited was a contingency likely to occur, and it was probably one that could not in the exercise of due care have been anticipated or prevented. Certainly it cannot be said, under the circumstances shown in this particular instance, that the pulling out of the wire was the result of negligence on the part of the plaintiff in error, and there is no suggestion in the record that it was. The evidence was that it occurred by reason of a screw in the coupling becoming loose. The pulling out of the wire in the manner in which it occurred was one of perhaps several contingencies that might arise to produce a current sufficient to explode the fuse. In fact, the fuse was placed there for the purpose of being exploded. Its office was to explode and thereby cut off a current of dangerous intensity. The court, in charging the jury, held them strictly to the consideration of the specific act of negligence charged in the complaint, and instructed them that the cause of action was grounded upon negligence of the plaintiff in error in placing the fuse without properly guarding it so that it could not injure the motorman in the case of an explosion, and told them that the burden of proof was upon the plaintiff in the action "to prove that the defendant was negligent as alleged—that the fuse was improperly placed; that it could have been placed in a different situation, where it would not have been a menace to the motorman." The plaintiff in error points to the fact that in the course of the charge the court said that the plaintiff must show by the preponderance of the evidence "that the defendant was, as a matter of fact, guilty of some act or acts of negligence which constituted a proximate cause of the injury," and also said, "If you find from a preponderance of the evidence that the defendant did not use such safe and adequate appliances, or that the defendant did not protect the appliances furnished in a safe and adequate manner, * * * your verdict must be for the plaintiff"; but this language cannot be construed, and could not have been understood by the jury, as referring to any other act of negligence or to any other appliance than that which was specifically referred to in the complaint, for the court followed those instructions with further instructions confining the attention of the jury to the issue in the case, which was whether the fuse was in fact dangerous to the motorman in the place where it was located, and could have been so located as not to be dangerous. It is true that, where the specific acts constituting the negligence are alleged, evidence of other acts of negligence is not admissible. The plaintiff in error cites appropriate cases in support of that rule. But it is also true that, "under allegations of the particular acts constituting the negligence, proof of all incidental facts and circumstances that fairly tend to establish the negligence of the primary acts charged is admissible." 29 Cyc. 584. This doctrine is well sustained by the decisions. Thus, in a case where the negligence was alleged to consist in placing, keeping, upholding, and managing a certain gangway upon and against a door, opening, or entrance to a warehouse, evidence that there were no fastenings to retain the gangway in an upright position

was held admissible, the cause of the action being the falling of the gangway, causing the plaintiff's injury. Morton v. O'Connor, 85 Ill. App. 273. In Lucas v. Wattles, 49 Mich. 380, 13 N. W. 782, Judge Cooley said:

"When the defendant is notified with what negligence he is charged, he is thereby informed that the circumstances which tend to show that he was or was not wanting in due care in that particular will be in issue; and he must be prepared with evidence respecting them."

In Railroad Co. v. Chinsky, 92 Ill. App. 50, where the negligence charged was the negligent running of an engine without warning at a crossing, the court held it was entirely proper to allow proof that there were no gates at the crossing, for the purpose of showing the physical conditions and surroundings of the place where the accident occurred. In C. I. R. R. Co. v. Lane, 130 Ill. 116, 22 N. E. 513, in a similar case, the court permitted evidence to show that there was no flagman at the crossing, although there was no ordinance requiring that a flagman be placed there. The proof was admitted to show the jury the existing circumstances attendant upon the alleged injury. Of similar import is North Chicago St. Ry. Co. v. Cotton, 140 Ill. 486, 29 N. E. 899. In South Chicago St. Ry. Co. v. Purvis, 193 Ill. 454, 61 N. E. 1046, the negligence charged was that the defendant carelessly and recklessly moved its street car in approaching a certain avenue. Evidence that the brake and controller were out of repair was held admissible as bearing on the question of the manner in which the car should have been run when approaching the avenue.

Error is assigned to the admission of the testimony of a witness who testified as an electrical expert to the effect that the fuse was placed in a dangerous position. The testimony must have involved a knowledge on the part of the witness of the degree of intensity with which such a fuse would explode and the volume of the attendant electric flash, which would have been within the proper province of expert testimony; but conceding that the question was one of which the jury were competent to judge without the aid of expert evidence, we are of the opinion that the admission of such testimony was not reversible error. The rule is that where the jury, upon the undisputed evidence, must have reached the same conclusion as the expert witness, or where the evidence so admitted is on a point on which the jury are entirely competent to decide in accordance with the general experience, its admission will, upon appeal, be regarded no ground for reversing the judgment. 17 Cyc. 60, and cases there cited.

It is contended that the trial court erred in excluding evidence offered on behalf of the plaintiff in error to show that at the time of the accident the defendant in error had a policy of accident insurance which under its terms provided that the insurance company should be liable to the insured, in case of permanent disability arising from such an accident, for 12 months' total disability, and that 2 months after the accident the defendant in error freely and voluntarily settled with the company, and released and discharged it from liability under the policy, on account of the injury to his eyes, in consideration of the payment by the company of a sum equal to what he would be entitled to receive under said policy for 4 months' total disability and 2 months'

partial disability. It is claimed that this evidence was admissible as tending to show that the injury was not so serious as it was alleged to be in the complaint. It is true that, if the defendant in error in his settlement with the insurance company made admission of any fact which would tend to contradict the allegations of his complaint, evidence thereof would have been properly admissible. The complaint, which was filed nearly 4 months after the accident, alleged, in substance, that the defendant in error was rendered blind for a long period of time, and that after weeeks of intense suffering and mental agony, and after treatment by the best specialists known to medical science, his sight had been partially restored, but that he was advised that his sight might never be better, and that there was danger of his total blindness as the result of such injury to his eyes. It must be apparent that a settlement made 2 months after the accident on the terms of the offered proof could have absolutely no probative value as tending to contradict in any degree the averments of the complaint. Such a settlement was no admission of any fact, and we find no error in its exclusion by the trial court.

Error is assigned to the instruction to the jury on the subject of the assumption of risk. The court said:

"To make a complete and valid defense on that ground, it should be proved by a fair preponderance of the evidence that the plaintiff himself was informed as to the risk there was—the nature of the danger in which he was placed for work, with that fuse located as it was. * * * The law does not under any circumstances exact of him the use of diligence in ascertaining such defects, but charges him with knowledge of such only as are open to his observation; beyond that he has the right to assume, without inquiry or investigation, that his employer has discharged his duty of furnishing him with safe and proper instruments and appliances."

If these instructions were open to objection, the error therein was fully cured by the remainder of the instructions on the same subject, in which the court said:

"He is chargeable with the assumption of the risks that were necessarily incident to the employment, and with the assumption of risks which he knew about, of which he had knowledge—actual knowledge—and also with the assumption of risks which were obvious and which should have been known to him, if he had been vigilant and alert for his own sake. If the fuse was placed in a situation where it would injure him by its explosion, and there was negligence on the part of the defendant in placing it there, the question then to be decided is whether the plaintiff himself knew that it was liable to explode and flash in his eye and do him injury. If he had that knowledge, it should be considered that he assumed all the risk, and he is not entitled to compensation by reason of the injury which he suffered."

We find no error for which the judgment should be reversed. It is accordingly affirmed.

ROSS, Circuit Judge (dissenting). I am unable to agree to the judgment in this case. As stated in the opinion, the sole negligence alleged in the complaint was the improper and unnecessary placing by the defendant company of the fuse in the front part of the motorman's cab, at a height about as high as the motorman's face, and in a position of great danger to the motorman while engaged in the operation of the car. It appears from the record that on the trial the plaintiff was

permitted, over the objection and exceptions of the defendant, to show by the witnesses Paulson and Owens that the defendant company was negligent in having a loose screw in the coupling, by reason of which one end of the wires dropped down and came in contact with the hose-hanger, thereby grounding the electric current and causing the explosion which injured the plaintiff. Permitting one of the screws in the coupling to be loose was a separate and distinct act of negligence from that alleged, having no connection whatever with the placing of the fuse in the proper place in the car. That a plaintiff cannot allege one cause of action and recover upon another is, according to my understanding, well-established law; one of the reasons for which is that the defendant is entitled to be informed of the precise ground upon which the plaintiff seeks to recover, in order to prepare his defense. Not only may the introduction in this case of the improper proof of negligence, not alleged, have injuriously affected the defendant, but it very likely did do so, in view of that part of the instructions of the trial court in which the jury was told that before it could render a verdict for the plaintiff it must find from a fair preponderance of the evidence "that defendant was, as a matter of fact, guilty of some act or acts of negligence which constituted a proximate cause of the injury received by plaintiff, if you believe he was injured." "Some act or acts" of negligence might very readily have been understood by the jury as including the loose screw in the coupling which Paulson and Owens testified in their opinion caused the explosion complained of.

In respect to the defense of an assumption of risks by the plaintiff, set up by the defendant, the court instructed the jury as follows:

"It will be for the jury to consider the facts as proved by a fair preponderance of the evidence, and determine whether that defense has been sustained or not. To make a complete and valid defense on that ground, it should be proved by a fair preponderance of the evidence that the plaintiff himself was informed as to the risk there was—the nature of the danger in which he was placed for work with that fuse located as it was. He is chargeable with the assumption of the risks that were necessarily incident to the employment, and with the assumption of risks which he knew about, of which he had knowledge—actual knowledge—and also with the assumption of risks which were obvious and which should have been known to him, if he had been vigilant and alert for his own sake. If the fuse was placed in a situation where it would injure him by its explosion, and there was negligence on the part of the defendant in placing it there, the question then to be decided is whether the plaintiff himself knew that it was liable to explode and flash in his eyes and do him injury. If he had that knowledge it should be considered that he assumed all the risk, and he is not entitled to compensation by reason of the injury which he suffered."

Upon the same subject the court also gave this instruction:

"The defendant in this case has pleaded that the plaintiff assumed the risk attending the injuries received. You are instructed that the burden of proof is upon the defendant to establish this, as well as every other affirmative allegation pleaded by the defendant. Without considering the question whether the rule charges an employé with knowledge of defects, except with regard to such appliances or instruments as he is engaged himself in using, I think it is sufficient to say that the law does not under any circumstances exact of him the use of diligence in ascertaining such defects, but charges him with knowledge of such only as are open to his observation; beyond that he has the right to assume, without inquiry or investigation, that his employer had dis-

charged his duty of furnishing him with safe and proper instruments and appliances."

From the foregoing it will be seen that the trial court, in more than one place, in effect distinctly instructed the jury that, if the defendant negligently placed the fuse where it did, there was no assumption of risk by the plaintiff, unless he knew the fuse was liable to explode and do him injury. In another place the jury was told that the plaintiff was chargeable "with the assumption of the risks which he knew about, of which he had knowledge—actual knowledge—and also with the assumption of risks which were obvious and which should have been known to him, if he had been vigilant and alert for his own sake."

In my opinion, the instructions are inconsistent, as well as erroneous. In one respect they are too favorable to the defendant, for I do not understand that it is essential that a plaintiff shall be "vigilant" or "alert" to discover risks, but that the law is that, to justify a finding that an employé assumed the risks of his employment, it is not essential that he shall have had absolute knowledge of such risks, if they were such that an ordinarily prudent man in his situation, by the exercise of reasonable and ordinary prudence, would have known of them. Choctaw O. G. & R. Co. v. Holloway, 114 Fed. 458–460, 52 C. C. A. 260; 26 Cyc. 1196–1203, and numerous cases there cited.

For the reasons stated, I respectfully dissent from the judgment here given.