Walter **H.** Schwartz, Defendant in Error, v. **E.** Gustave Lindquist, Plaintiff in Error.

Gen. No. 32,950.

Heard in the third division of this court for the first district at the October term, 1928. Opinion filed January 30, 1929.

ODE L. RANKIN and JOSEPH H. BRAUN, for plaintiff in error.

JOSEPH H. HINSHAW and WALTER P. MURPHY, for defendant in error.

MR. JUSTICE RYNER delivered the opinion of the court.

The plaintiff brought his action in tort in the superior court of Cook county to recover damages for personal injuries sustained by him as the result of a collision between his automobile and the automobile of the defendant. He obtained a verdict and a judgment upon the verdict. The damages were assessed at $7,000. A motion for a new trial was denied. The case is here on appeal of the defendant.

The accident happened on April 5, 1927, at about 8 o'clock in the morning in the Village of Oak Park. Each party was on his way to his place of employment and each was driving a Ford sedan. The plaintiff was going west on Washington Boulevard and the defendant was traveling south on Ridgeland Avenue, an intersecting highway. Both streets were paved with asphalt and, at the time of the accident, the surfaces were dry. It was a bright clear morning and apparently there was nothing to obstruct the view of either driver. The plaintiff saw and watched the defendant's machine as it approached the intersection but the defendant testified that he did not see the plaintiff's machine until it was directly in front of him and at a distance of something like a couple of feet away. The defendant further said that as he approached Washington Boulevard he looked both towards the east and the west but did not see anyone coming.

At the intersection in question Washington Boulevard is 38 feet wide and Ridgeland Avenue is 34 feet in width. The defendant testified that as he approached Washington Boulevard he was driving his car at a dis-

tance of about 6 feet west from the curb to his right. This accords with the testimony of the other witnesses. That being so, the point of contact was in the normal line of southbound traffic on Ridgeland Avenue. The defendant said that his "bumper kind of touched the side a little bit" and again that "My bumper caught on the right-hand side near the rear of the other car." The plaintiff also testified that the point of contact was about the center of the right rear fender of his car. The force of the impact turned the plaintiff's car over on its side and broke most of the spokes in the left rear wheel. The plaintiff's left arm was crushed, necessitating its immediate amputation at the elbow. The jury, in answer to a special interrogatory, found that the defendant wilfully caused the injury to the plaintiff.

There is a conflict in the testimony as to the rates of speed at which the two cars were being driven. The plaintiff said that he was moving at the rate of 15 miles per hour. His testimony was corroborated by that of two other witnesses. Two witnesses for the defendant testified that the plaintiff's machine was moving at a rate of 25 miles per hour. The plaintiff and one of his witnesses said that the defendant's machine, as it approached the intersection, was going 30 miles per hour. The defendant and two of his witnesses said the speed of the car was about 15 miles per hour. There was a count in the declaration charging the defendant with operating his car at a dangerous rate of speed and an additional count charging him with wilful conduct in the same respect. Whether the evidence supported either count was a question for the jury.

It is insisted by counsel for the defendant, however, that if the testimony of the plaintiff's witnesses, as to the respective rates of speed and distances from the intersection of the two cars, be accepted, then the collision could not have occurred. It is said that the

figures given by them would place the defendant's car across and beyond the intersection before the plaintiff's car reached the point where the accident occurred. But the cars did collide and any estimates of rates of speed or distances calculated to produce a result to the contrary must yield to this salient fact. Whether the witnesses were testifying falsely or were merely mistaken in their estimates or opinions presented a question to be considered by the jury.

One of the principal grounds urged in support of the contention that the judgment should be reversed is that the trial court erred in admitting evidence of the existence and operation of so-called "stop and go" lights. Three witnesses testified that as the plaintiff's machine was entering the intersection the light displayed was green. Two witnesses testified that the light had changed to red before the plaintiff's machine had passed the light post. There was evidence introduced showing that the signal lights were of the usual type, showing alternately the three colors red, amber and green. There was also testimony showing that the plaintiff and defendant and other drivers of automobiles recognized that the green light was an invitation to proceed into the intersection in question. There is a direct conflict in the testimony as to whether there was a green or a red light showing on the east side of Ridgeland Avenue, as the plaintiff approached that highway. The defendant testified that when he was within 20 feet of the light post to his right on Ridgeland Avenue the light changed to green and that he then let the clutch of his machine in and started slowly forward.

It is contended first that it was error to admit this evidence because there was no proof that the lights in question were installed or operated pursuant to the provisions of any ordinance or statute. The point possesses little, if any, merit. The lights were there.

The plaintiff said that he observed them and heeded the warning given by them. The defendant said that likewise he observed and obeyed the signals. The jurors must have known from common experience that careful drivers of automobiles recognize lights of this kind as a device for the regulation of traffic. They must also have known that prudent drivers do not take the risk of crossing streets or boulevards with the red lights against them upon the strength of the possibility that there might not be any valid ordinance requiring observance of the signals.

It is finally urged that the testimony as to the lights should have been excluded because the only count in the declaration, charging the defendant with tortious conduct in failing to observe the lights, was withdrawn prior to the time of the trial. The contention is untenable. The first count of the declaration charged negligence generally. The testimony was material and competent in support of this count. *North Chicago St. Ry. Co. v. Cotton,* 140 Ill. 486, and *South Chicago City Ry. Co. v. Purvis,* 193 Ill. 454. In the latter case the declaration consisted of one count which charged the defendant generally with negligence in the operation of one of its street cars. Evidence was admitted on the trial showing that the brake and controller on the car were out of repair and not operating properly. The Supreme Court held that this evidence was properly admitted, as bearing upon the question as to how the car should have been operated, saying:

"The evidence complained of was inadmissible as tending to support an independent cause of action. It was, however, admissible as bearing upon the question of the manner in which the car should have been run and operated when approaching the avenue. The fact that the evidence tended to support a charge of negligence not made in the declaration did not render it improper, so long as it had a material bearing upon

the charge of negligence made in the declaration. (*North Chicago Street Railway Co. v. Cotton,* 140 Ill. 486). Especially is that true in view of the fact that the court gave to the jury an instruction which limited the effect of such evidence, and informed them there could be no recovery based upon the fact that the brake and controller upon the car worked hard or were out of repair.''

In the instant case the court, at the request of counsel for the defendant, instructed the jury that the testimony relating to the ''stop and go'' lights was received for the purpose of showing all of the surrounding conditions under which the accident happened and that ''The operation of these lights under the issues as formed in this case did not then and there create any duty on the part of either the plaintiff or defendant to observe their operation or to regulate their conduct thereby.'' This instruction restricted the use which the jury should make of the evidence to an extent quite favorable to the defendant.

Finally it is urged that no evidence was admissible in support of the count of the declaration charging negligence in general terms because other counts specified particular acts of negligence. It is said that the plaintiff was bound to rely upon the specific acts of negligence charged. In support of this contention 23 authorities are cited. Only three of them are Illinois cases. The cases from this jursidiction relied upon are *Straight v. Odell,* 13 Ill. App. 232; *O'Connor v. Prendergast,* 99 Ill. App. 531, and *Elgin, Aurora & Southern Traction Co. v. Hench,* 132 Ill. App. 535. The first of these cases holds that where the plaintiff, in his declaration, alleges a particular act of negligence, he cannot recover on proof of other acts of negligence. In the second case all of the counts in the declaration charged that the plaintiff sustained injuries to his back and it was held that he could not

recover damages caused by an injury to one of his legs. The third case held that the trial court erred in admitting in evidence a resolution of the city council of St. Charles notifying the defendant company to operate its trains at a speed of two miles per hour over a certain bridge. There was no charge in the pleadings of negligence based on the speed of the car. Furthermore the court held that the evident purpose of the evidence was to show that the city council was of the opinion that a rate of speed in excess of that stated in the resolution was dangerous.

The settled rule in this State is that the plaintiff may charge different acts of negligence in different counts of his declaration and is entitled to recover if the evidence supports any one good count. This is true even though the court erroneously denies a motion to take from the jury counts of the declaration which are not supported by the evidence. *Scott v. Parlin & Orendorff Co.,* 245 Ill. 460. It was there said that it would be presumed that the jury based their verdict on the count supported by the evidence. A count charging general negligence in the operation of a vehicle is not obnoxious to a general demurrer and, certainly, is sufficient after verdict. *Chicago City Ry. Co. v. Jennings,* 157 Ill. 274, and *Chicago & A. R. Co. v. Redmond,* 171 Ill. 347.

In the case of *Hooper v. Adams Exp. Co.,* 289 Ill. 169, the declaration consisted of two counts. The first charged in general terms that the defendant negligently drove his horse and wagon. The second alleged driving at an unlawful and unreasonable rate of speed. The court withdrew the second count from the jury. The only evidence of negligence was the driving at an excessive rate of speed and this was held to be admissible under the first count notwithstanding the withdrawal of the count charging specifically negligence in this respect.

The trial court refused to give defendant's instruction No. 5, which reads as follows:

"The Court instructs the jury that at the time and place in question the defendant had the right of way over the plaintiff and that it was then and there the duty of the plaintiff to permit the defendant to pass first over the intersection of said highways."

But the court did, at the request of the defendant, instruct the jury as follows:

"If you find from the evidence, under the instructions of the Court, that the automobile of the defendant was proceeding in a Southerly direction along Ridgeland Avenue, and that the automobile of the plaintiff was proceeding in a Westerly direction along Washington Boulevard, and that as the defendant's automobile was proceeding in a Southerly direction along Ridgeland Avenue and approaching said Washington Boulevard said automobile of the defendant was in full view of the plaintiff, and would reach Washington Boulevard at or before the time plaintiff's automobile would reach said intersection, the court instructs you, as a matter of law, that, under the circumstances, it was then and there the duty of the plaintiff to cause his automobile to stop or slow down so as to permit the automobile of the defendant to proceed across said intersection."

This instruction correctly stated the law applicable to the facts in the case and it was not error to refuse instruction No. 5. *Heidler Hardwood Lumber Co. v. Wilson & Bennett Mfg. Co.,* 243 Ill. App. 89. There the court, in construing the section of the Motor Vehicles Law, Cahill's St. ch. 95a, ¶ 34, relating to the right of way of drivers, said:

"It would seem to be clear that the statute does not mean that the driver of a vehicle approaching an intersection must yield the right of way to one approaching the same intersection on his right, without

regard to the distance that vehicle may be from the intersection when he reaches it or to the rates of speed at which the two vehicles are traveling. When the driver of a vehicle approaches an intersection and he sees another vehicle approaching from the right, at a greater distance from the intersection and at a speed such that, in the exercise of due care, he believes he will be across the intersection before the vehicle approaching from the right reaches it, then, in our opinion, the latter car is not one 'approaching from the right' within *the meaning of the statute,* and so as to require such driver to stop or yield the right of way. Whether, in exercising his judgment and going ahead, the driver exercised due care, is, we repeat, ordinarily a question for the jury to decide. Such would be the situation, in our opinion, where, as in the case at bar, the evidence showed that the collision occurred when the car approaching from the left had reached the area beyond the middle of the intersection and the one approaching from the right had not then reached the middle of the intersection and where the car coming in from the left. was struck in the rear by the front part of the car coming in from the right.''

Under a similar state of facts the court in the case of *Salmon v. Wilson,* 227 Ill. App. 286, held that the trial court did not err in refusing to instruct the jury that the defendant had the right of way at a street intersection simply because his car was approaching from the right and the plaintiff's car coming from the left, regardless of speeds and distances.

The court was justified in refusing to give defendant's offered instruction No. 10 for the same reasons that it properly refused to give instruction No. 5.

The defendant in his tendered instruction No. 20, which was refused, asked the court to advise the jury that as to the first three counts of the declaration, charging negligence, contributory negligence on the

part of the plaintiff would bar recovery but that as to the two counts which charged the defendant with wilful and wanton conduct, this defense was not available. It was not reversible error to refuse this instruction because instruction No. 1 given at the request of the plaintiff told the jury, in substance, the same thing, except that it omitted to tell them which counts charged negligence and which charged wilful and wanton conduct.

It is further argued that plaintiff's instruction No. 1 should not have been given because it was mandatory and ignored an affirmative defense, i. e., wilful and wanton conduct on the part of the plaintiff. We have stated the substance of the instruction above. It did not, either by express terms or in effect, direct a verdict in favor of the plaintiff. It simply told the jury that contributory negligence was a defense to a case based upon negligence and that it was not a defense to an action charging wilful conduct. It also defined the elements of such conduct. It did not advise them that wilful and wanton conduct by the plaintiff would not prevent recovery. The case of *Mooney v. City of Chicago,* 239 Ill. 414, is cited in support of the contention. In that case the court held that an instruction, containing an hypothesis of facts which, if found to be true, would require a verdict for the plaintiff, should contain all the facts necessary to sustain the verdict and should not ignore an affirmative defense where there is evidence fairly tending to support it. The rule there stated is not applicable to the instruction complained of. The rule laid down in *Mt. Olive & Staunton Coal Co. v. Rademacher,* 190 Ill. 538, that the plaintiff has the right to have the jury instructed as to the law applicable to his theory of the case, without anticipating and excluding every possible defense, does apply. See also *Chicago & A. R. Co. v. Harrington,* 192 Ill. 9.

It may be worthy of passing comment to note that if defendant's refused instruction No. 20 had been given, it would have told the jury that the defense of contributory negligence did not apply to the counts charging wilful and wanton conduct, and without any reference to the effect on the issues of like conduct on the part of the plaintiff. The defendant asked the court to do the very thing that the court did, at the request of the plaintiff.

It is suggested, but not argued, that the court should have given defendant's refused instruction No. 4, which reads:

"The Court instructs the jury that if they believe from the evidence and under the instructions of the Court that plaintiff at the time and place in question operated and drove his automobile with reckless disregard of defendant's rights to the use of the highways in question, then they should find the defendant not guilty under all counts of plaintiff's declaration."

The instruction is ambiguous and confusing. It is peremptory in form and would have informed the jury that it was their obligation to find the defendant not guilty if his rights to the use of the highways in question were recklessly disregarded by the plaintiff, regardless of whether such violation of rights had any causal connection with the accident. The rights of the parties to the use of the highways were not in issue except incidentally as bearing upon the question as to which party was responsible for the collision. The jury were properly advised, by given instructions, as to the test for determining who had the right of way and as to what constitutes wilful and wanton conduct. It was not error to refuse the instruction.

The court properly refused to give defendant's instruction No. 1. It was designed to tell the jury that the violation of an existing duty or law of the State would not of itself constitute wilful or wanton conduct.

It was cautionary in nature and unnecessary in view of the fact that the jury were advised as to what did constitute wilful or wanton conduct. Counsel say in their brief:

"The second count in the declaration charged the defendant with negligence in that he drove his vehicle at a sped in excess of 15 miles an hour in violation of Section 22 of the Illinois Motor Vehicle Act. The first additional count charges a wilful and wanton neglect to perform that same duty. These two counts went to the jury over plaintiff in error's objection. We have already shown that this was error in view of the evidence of the defendant. To stifle these charges still further the trial Court refused the above instructions."

This statement is incorrect and misleading. We trust that it was not intended to be so. In the additional count charging excessive speed and wilful and wanton conduct in that respect, there is no reference whatever to any section of the Motor Vehicles Act or of any other statute.

Complaint is made of prejudicial remarks and rulings of the trial court. The principal point urged is that the court unduly restricted and limited the cross-examination of the plaintiff and one of his witnesses. The court did not abuse its discretion in preventing repetition of the same questions put in different form. It is also said that the trial judge indicated a friendly attitude toward the plaintiff and that on one occasion he aided the plaintiff in extricating himself from an embarrassing situation. The plaintiff had testified that going at the rate of 15 miles an hour he could stop his car on a dime. The court sustained an objection and suggested that counsel should move to strike the answer because the question failed to include the condition of the pavement. The defect was cured in another question and the plaintiff said that he could stop his car within a distance of 5 feet. What was

embarrassing about the situation we fail to observe. In common automobile parlance there is no difference between the diameter of a dime and 5 feet. The objections in this respect are not of substantial merit.

For the foregoing reasons the judgment of the superior court of Cook county is affirmed.

*Affirmed.*

HOLDOM, P. J., and WILSON, J., concur.