# Cleveland, C., C. & St. L. R. R. Co. v. Charles Chinsky.

1. PLEADING—*Defects Cured by the Verdict.*—A declaration which states a cause of action in a defective manner must, after the verdict, be held sufficient.

2. VERDICTS—*Where it is Error to Direct.*—When there is evidence sufficient on the issues involved, to go to the jury, it is manifest error in the court to withdraw it from their consideration and arbitrarily direct a verdict.

3. EVIDENCE—*Of the Surroundings at Railroad Accidents.*—In an action for personal injuries sustained at a railroad crossing it is proper to allow proofs that there were no gates at the crossing for the purpose of showing the physical condition and surroundings of the place where the accident occurred.

4. NEGLIGENCE AND ORDINARY CARE—*Questions of Fact.*—Whether the servants of a railroad company are guilty of negligence in the management of an engine and whether the person injured was at the time in the exercise of due care for his own safety, are questions of fact for the jury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Kankakee County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 11, 1900.

T. P. BONFIELD and W. R. HUNTER, attorneys for appellant.

HARRISON LORING and HIRAM L. RICHARDSON, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case by appellee against appellant, to recover damages for injuries sustained by him in being struck by one of appellant's switch engines, on Sunday evening, December 18, 1898, while he was attempting to cross over its tracks where they intersect Greenwood avenue, in the city of Kankakee.

The declaration contained four counts, and the negligence charged therein is in substance, that at the crossing in question appellant had allowed one of its engines to remain across the sidewalk upon which appellee was walking south,

so that he had to go around said engine, and while continuing his journey southward over other tracks, appellant carelessly and negligently ran another engine upon appellee, breaking his leg; that no bell was rung or whistle sounded on said engine while approaching said crossing; that cars stood on the sidewalk near the crossing, which prevented appellee from seeing the approaching engine; that steam and smoke on said crossing obscured his vision; that, for a long time before and just up to the time when appellee was injured, appellant had maintained a flagman at said crossing for the purpose of warning persons about to cross; that appellee knew of such custom and relied thereon and supposed the flagman was there until he attempted to cross the tracks; and that, at the time he was struck by the switch engine, there was no flagman on duty at said crossing.

Appellant filed a plea of not guilty and the cause was tried by a jury, resulting in a verdict and judgment against appellant for $900 damages.

One of the points assigned for error is that the declaration does not state a good cause of action. We think after verdict it must be held sufficient.

It is also assigned for error that the court overruled appellant's motion at the close of all the evidence to take the case from the jury and direct a verdict for appellant. The point is not well taken. There was evidence, sufficient to go to the jury, and it would have been manifest error for the court to have withdrawn it from their consideration and arbitrarily directed a verdict for appellant.

It is further assigned for error that the court overruled appellant's motion for a new trial, and erred in rendering judgment against appellant. No assignment of error questions the propriety of the court's rulings upon evidence, nor in the giving of instructions, unless the assignment as to overruling the motion for new trial covers these questions. We think it was entirely proper to allow proof there were no gates at the crossing, for the purpose of showing the physical conditions and surroundings of the

place where the accident occurred, that the jury might be the better enabled to judge of the due care of appellee on the one hand and the alleged negligence of the appellant on the other. (N. Y. C. & St. L. R. R. Co. v. Leubeck, 157 Ill. 595; C. & I. R. R. Co. v. Lane, 130 Ill. 116.)

We think there was no error in the rulings of the court upon the introduction or rejection of evidence.

The only serious questions in the case are as to whether the evidence warranted a finding that appellant was negligent in the management of the engine which injured appellee, and whether the latter was in the exercise of due care for his own safety. These were questions of fact for the jury. While it may be true the bell on the engine was ringing at the time appellee was struck, yet the evidence of appellant's own witnesses shows that it was not ringing when the engine was cut off from the caboose 150 feet away, and it may well be that, as it only commenced to ring when it started to move toward appellee, he may not have heard it in the few seconds which intervened before he was struck. There was evidence the engine taking water was making some noise in the escape of steam; there was smoke and steam in the air, and altogether there was confusion which no doubt affected appellee. All these facts were before the jury and were, no doubt, considered by them in determining as to the negligence of appellant and the due care of appellee. We are not prepared to say that the jury were not warranted in finding as they did.

It is argued by counsel for appellant that appellee was drunk and in such a maudlin condition that he was really unable to exercise due care for his own safety. We feel bound to say that, in our opinion, this contention is not sustained by the evidence. On the whole we see no sufficient reason for disturbing the judgment, and it will be affirmed.

Mr. Justice Dibell, having presided at the trial of this case in the court below, took no part in the decision.