## Rosa Cohen, Adm'x, v. Chicago and North-Western Ry. Co.

1. PLEADING—*Averment of Negligent Non-Action Not Sustained by Proof of Negligent Action.*—Proof of negligent or wrongful action does not sustain an averment of negligent non-action.

2. EVIDENCE—*Of Physical Conditions and Surroundings of the Place Where the Accident Occurred.*—It is proper to allow proof that there were no gates at the crossing, for the purpose of showing the physical conditions and surroundings of the place where the accident occurred, that the jury might be the better enabled to judge of the due care of the plaintiff, on the one hand, and the alleged negligence of the defendant on the other.

3. SAME—*Of an Independent Cause of Action, Not Counted on in the Declaration.*—The fact that evidence tends to support a charge of negligence not made in the declaration, does not render it improper, so long as it has a material bearing upon the charge of negligence made in the declaration.

4. PRACTICE—*Motion to Exclude the Evidence, and to Instruct the Jury to Find for the Defendant.*—A motion to exclude the evidence, and to instruct the jury to find for the defendant, is in the nature of a demurrer to the evidence, and admits not only all the evidence proves, but all it tends to prove; and in passing on such motion the judge is strictly limited to determining whether there is or is not evidence legally tending to prove the fact affirmed, i. e., evidence from which, if credited, it may be reasonably inferred, in legal contemplation, that the fact affirmed exists, laying out of view the effect of all modifying or countervailing evidence.

**Trespass on the Case.**—Death from negligent act.  Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding.  Heard in this court at the March term, 1902.  Reversed and remanded.  Opinion filed December 11, 1902.

**Statement.**—Plaintiff in error was plaintiff and defendant in error defendant, in the trial court, and will be so referred to.   The action was case, for alleged negligence causing the death of Abraham Cohen, the plaintiff's intestate, who was also her husband.   The original declaration, filed November 8, 1895, consisted of two counts.   A demurrer was sustained to the first count, which count was subsequently amended.   In the amended first count it is averred, in substance, that, June 24, 1895, the defendant was driving and running its certain locomotive upon and along its railroad, toward a crossing of said railroad and Elston avenue, a public highway of the city of Chicago, and while Abraham Cohen, plaintiff's intestate, was, with due care, walking over said crossing, on said public highway, the defendant negligently, etc., drove and managed said locomotive in driving and running it at a very high rate of speed, exceeding ten miles an hour, and in not slacking such speed when approaching said crossing, and in not, through a flagman, or otherwise, signaling persons traveling in the direction of said crossing, of the approach of said locomotive toward the said crossing, and in not ringing the bell or sounding a whistle when approaching said crossing, by reason of which the said locomotive engine, etc., ran against and struck said Abraham Cohen with great force, throwing him to the ground and injuring him, by reason whereof he died June 25, 1894.

The negligence averred in the second count is that no bell was rung nor whistle sounded while the locomotive was approaching the crossing.

The defendant pleaded the general issue to the counts above mentioned.   December 21, 1898, about three and a half years after the accident, the plaintiff, by leave of court, filed an additional count, in which it is averred, in substance, that the defendant, to warn persons going along

Elston avenue and crossing said track, had erected and maintained gates at the points where its railroad crossed said avenue, and across the avenue, which gates it opened when persons might safely go across the tracks; that, June 24, 1895, Cohen came from the north on said avenue and, when he arrived at the railroad right-of-way, he found the gates closed, and waited on the north side of said gates, outside the right-of-way, until a train from the east had crossed, or was crossing said highway, and until the gates were raised by the defendant, for the purpose of allowing persons to cross said railroad tracks; that Cohen proceeded to cross said tracks on said public highway, and, while in the exercise of due care, was struck by a locomotive coming from the west, under the control of the defendant, and injured, etc. The count concludes thus:

" That by reason of the said negligence on the part of the defendant in raising the gates, Cohen, while in the exercise of due care, was injured, as aforesaid," etc.

The defendant pleaded the statute of limitations to the additional count, to which plea the plaintiff demurred, and the court overruled the demurrer. At the close of the plaintiff's evidence the defendant's attorney moved the court to exclude the evidence and instruct the jury to find the defendant not guilty, which the court did, and the jury acted as instructed. A motion for a new trial was overruled and judgment was rendered on the verdict.

WILLIAM E. CLOYES, attorney for plaintiff in error.

S. A. LYNDE, attorney for defendant in error; A. W. PULVER and LLOYD W. BOWERS, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

The overruling plaintiff's demurrer to the plea of the. statute of limitations is assigned as error, and this raises the question whether the cause of action stated in the additional count is a different cause of action from any stated in the two counts to which the defendant pleaded the general issue. Counsel for plaintiff contends that the addi-

tional count is merely a re-statement of the cause of action
set out in the amended first count; that it is simply a more
specific statement of defendant's negligence in failing to
give a signal of the approach of the locomotive; that under
the allegation that the defendant was negligent "in not,
through a flagman, or otherwise, then and there signaling
persons traveling in the direction of said crossing, and in
not giving a signal of the approach of said locomotive,"
plaintiff had a right to prove the maintenance, etc., of gates,
etc., as averred in the additional count.   We regard this
proposition as untenable.   The negligence charged in the
amended first count consists of omissions; mere negations;
while that charged in the amended count is a positive act,
namely, the raising the gates, thereby, as the count alleges,
giving Cohen to understand that the crossing was clear, and
that he might proceed with safety.   Proof that the gates
were raised would not have the least tendency to prove
omission to give signals of the approach of the train.   Proof
of negligent or wrongful action does not sustain an aver-
ment of negligent non-action.   The cases cited by appellee's
counsel do not, nor does any case, as we think, sustain his
contention.   In Swift & Co. v. Madden, 165 Ill. 41, cited by
plaintiff's counsel, the court say :

" In a case like the one under consideration the cause of
action may be regarded as the act or thing done or omitted
to be done by one which confers the right upon another to
sue—in other words, the act or wrong of the defendant
toward the plaintiff which causes a grievance for which the
law gives a remedy.  (Buntin v. Chicago, Rock Island and
Pacific Railway Co., 41 Fed. Rep. 744.)  Was the act or
wrong of the defendant toward the plaintiff, as set out in
the additional counts, entirely new, or was it a mere re-state-
ment of the act or wrong in a different form ? "

In Chicago City Ry. Co. v. Leach, 182 Ill. 359, the court
quote the above language with approval.   In that case the
negligence charged in the original declaration was the
" driving and operating a train of cars at such a high and
dangerous rate of speed that the train could not be stopped
in time to avoid the injury."   In an additional count, to

which the statute of limitations was pleaded, the negligence charged was the not using reasonable care to employ competent servants, and the employment of an incompetent, reckless and careless servant to run the defendant's trains, which the defendant knew, or should have known. The court say:

"The act or wrong relied upon in this count is entirely different from the act or wrong relied upon in the first count of the declaration. The evidence to sustain one count would not sustain the other, and the evidence in defense, as to one count, could not be relied upon as a defense under the other."

· This language is applicable in the present case. A new and independent cause of action. is stated in the additional count, and the demurrer to the plea of the statute was properly overruled.

It was assigned as grounds for a new trial, and is also assigned as error, that the court excluded proper evidence offered by the plaintiff, and improperly instructed the jury to find for the defendant. Frank Kloskowski testified that he remembered the time when Cohen was killed; that it was about six o'clock in the evening; that witness was driving a wagon and Cohen was walking south on the west side of Elston avenue, and that, when they came to the railroad gates the gates were down. Defendant's attorney objected to the evidence as to the gates being down, on the ground that there was no reliance in any count of the declaration on the existence or non-existence of gates, and the court sustained the objection, and struck out the evidence. Subsequently the following occurred in the examination of the witness:

Q. "Go ahead, Frank, and tell, as well as you can, what happened there; what you saw." A. "I stopped in front of the crossing, and Mr. Cohen came along, and he stopped there too. He waited there, and the gates were down, and after the"—

"Objected to by the defendant.

The Court: "Strike out the gates."

A. "The train was coming from the city toward the northwest; there were about two cars on the crossing, and the gates raised up."

On motion of defendant, the part of the answer relating to the gates was stricken out.

Joseph Kalb testified that he approached the railroad crossing from the south, walking on the west sidewalk of Elston avenue, the same sidewalk on which the deceased approached the crossing from the north, and that he saw Cohen when he was struck by the train, and was then about between ten and fifteen feet distant from him. The witness was asked the following questions:

Q. " When you first came to the Northwestern tracks, where they cross Elston avenue on coming from Milwaukee avenue, will you state whether or not the gates were down ?"

Q. " State whether the gates were up or down when you came to that crossing ?"

These questions were ruled against on defendant's motion, when plaintiff's attorney made the following offer:

" I now offer to prove by the witness that at the time he came to the crossing at Elston avenue the railroad gates were closed, and that a train was approaching that crossing from the east, and that while the train was on the crossing, and before it was across the crossing, these gates were raised, and that the witness started forward, and after he had started forward and had passed under the gates, the gates were lowered when this train was approaching this crossing, and that what is true of one set of gates is true of the other."

The court refused to admit the offered evidence. Similar questions were asked another witness, who was on Elston avenue, on the north side of the railroad crossing, and close to the crossing, when the accident happened, and the questions were excluded, on motion of defendant's attorney. Plaintiff's attorney excepted to the rulings of the court. The exclusion of the evidence as to the gates, and whether they were up or down when Cohen, deceased, started to cross defendant's tracks, was error. Railroad Co. v. Chinsky, 92 Ill. App. 50; C. & I. R. R. Co. v. Lane, 130 Ill. 116; N. Y. C. & St. L. R. R. Co. v. Luebeck, 157 Ib. 595; S. C. City Ry. Co. v. Purvis, 193 Ill. 454; St. L. Nat. Stock Yards v. Godfrey, 198 Ib. 288.

In Railroad Co. v. Chinsky, it is said:

"We think it was entirely proper to allow proof that there were no gates at the crossing, for the purpose of showing the physical conditions and surroundings of the place where the accident occurred, that the jury might be the better enabled to judge of the due care of the appellee, on the one hand, and the alleged negligence of the appellant, on the other."

In C. & I. R. R. Co. v. Lane, *supra*, the court say:

"Although there was no ordinance requiring a flagman to be placed at the crossing, yet we think the fact there was none there was properly allowed to be shown to the jury as one of the existing circumstances attendant upon the alleged injury. The absence of a flagman was not negligence, yet such absence, in connection with proof of the condition of things in respect to population, travel, and otherwise, in that particular locality, would shed light upon the question of the care and caution on the part of appellant in running its trains, that the safety of the public would reasonably require."

If the gates were down when the deceased arrived at the crossing, and were raised while he was waiting there, with the intention of crossing the defendant's tracks, this, clearly, was competent evidence on the issue of due care of the deceased. The evidence tends to prove that no bell was rung or whistle sounded on the engine which struck the deceased. A number of witnesses who were close to the crossing at the time of the accident testified that they heard neither bell nor whistle on that engine. This being so, the offered evidence that the gates were raised, was competent to be considered, in connection with the evidence of failure to ring a bell or sound a whistle, and as bearing on the question whether such failure caused the accident.

The offered evidence seems to have been excluded on the ground that it was evidence of an independent cause of action, not counted on in the declaration. It was held in North Chicago St. Ry. Co. v. Cotton, 140 Ill. 486, 496, and South Chicago City Ry. v. Purvis, 193 Ib. 454, that this is not a sufficient ground for the exclusion of such evidence. In the latter case the court say:

" The fact that the evidence tended to support a charge of negligence not made in the declaration, did not render it improper, so long as it had a material bearing upon the charge of negligence made in the declaration."

Defendant's counsel, in his argument, claims that Cohen, deceased, was guilty of a want of ordinary care, which should prevent a recovery, in walking across defendant's tracks and not looking to see whether a train was approaching. We think it manifest that if the gates were down when Cohen reached the crossing, and were subsequently raised, thus indicating that the tracks might safely be crossed, evidence of these facts is material as bearing on the question whether Cohen was negligent in not looking for the approaching train, if he did not so look.

Counsel for defendant also contends that the evidence was offered for the purpose of showing whether or not a signal was given of the approach of the train; that it was inadmissible for that purpose, and therefore was properly excluded. This contention refers to the evidence of the witness Kloskowski, who was questioned, and answered as follows:

Q. "When you came to the railroad crossing at Elston avenue, state what took place then, if anything."

A. "I come to the gates; the gates were down first"—

At this point defendant's attorney objected to the evidence as to the gates, on the specific ground that there is no count in the declaration relying on the existence or non-existence of gates. This objection should have been overruled, as we have shown. The court evidently doubted whether the objection was sound, saying, among other things:

"The warning don't mean the gates. At the same time, I think the man can state what he saw. I think, as far as the objection is concerned, when a man is asked what occurred, I think it is for him to say what he saw. I don't know of any way that you can instruct the witness to take the declaration in his hand, and state what is competent and what is incompetent. You ask him to state what occurred; that is, what he saw and heard; and on

that I think it is proper for him to state what he saw and heard," etc.

We fully coincide with the view thus expressed by the court; but defendant's attorney persisting in his objection, the court subsequently ruled against the evidence. While the objection was being argued, plaintiff's attorney said: "I contend I have a right to show what they did with the gates, for the purpose of showing whether or not any signal was given of the approach of the train;" and this is relied on as an offer of the evidence for a specific purpose. But the evidence being in, the question was as to whether the objection of defendant's attorney, which was, in substance, a motion to strike out the evidence, should be sustained, which it should not have been, if the evidence was admissible for any purpose. It has been shown that, subsequently, similar evidence was offered generally, and was excluded.

" A motion to exclude the evidence and to instruct the jury to find for the defendant, is in the nature of a demurrer to the evidence, and admits not only all the evidence proves, but all it tends to prove; and in passing on such motion the judge is strictly limited to determining whether there is or is not evidence legally tending to prove the fact affirmed, i. e., evidence from which, if credited, it may be reasonably inferred, in legal contemplation, the fact affirmed exists, laying out of view the effect of all modifying or countervailing evidence." Frazer v. Howe, 106 Ill. 563. See also, Bartelott v. International Bank, 119 Ib. 259; People v. People's Ins. Exchange, 126 Ib. 466; Rack v. Chicago City Ry. Co., 173 Ib. 289; and Wenona Coal Co. v. Holmquist, 152 Ib. 581.

The evidence in the present case tended to prove that no bell was rung or whistle sounded on the train which struck plaintiff's intestate. It was a question for the jury on this evidence whether the omission to ring a bell or sound a whistle was the cause of the accident. The evidence also tends to prove other omissions alleged to have been negligent. Having carefully read and considered all the evi-

dence, we are impelled to the conclusion that it was error to take the case from the jury. Had the case been submitted to the jury on the evidence, including that erroneously excluded, and had the jury found for the plaintiff, we can not say that we would be prepared to hold that the jury acted unreasonably, in the eye of the law.

The judgment will be reversed and the cause remanded.