CHARLES ROGERS, DEFENDANT IN ERROR, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, PLAINTIFF IN ERROR.

· Submitted July 8, 1907—Decided November 18, 1907.

1. In an action against a railroad company to recover damages caused by a collision between one of its trains and a team and wagon of plaintiff at a grade crossing, the evidence of witnesses who testified that they were near by, that they heard the train coming, heard the crash of a collision, and heard a whistle blast sounded immediately after the collision, but heard no signal before the collision—*Held*, sufficient to raise an inference that if the statutory signal by bell or whistle had been given as the train approached the crossing they would have heard it, and that since they did not hear such signal it was not given.

2. Where plaintiff's declaration was based solely upon the negligent operation of defendant's railroad train, resulting in a collision with plaintiff's wagon in the night-time at a grade crossing, and contained no averment tending to cast upon the company a duty to use gates or adopt any other precaution for the safety of travelers at the crossing besides the statutory signal, nor any averment charging the company with negligence in failing to use the gates that were at the crossing—*Held*, nevertheless, that testimony was properly admitted to show that there were gates and a gatehouse at the crossing, and that the gates were open and no gateman in attendance, it being unusual to have a gateman at the crossing during the night-time, the evidence being admissible not as showing negligence in the failure to operate the gates, but as showing the circumstances under which the collision occurred, and throwing light upon the question whether there was contributory negligence on the part of the driver of the wagon.

On error to the Camden Circuit Court.

For the plaintiff in error, *Gaskill & Gaskill*.

For the defendant in error, *John W. Wescott*.

The opinion of the court was delivered by

PITNEY, J.   Plaintiff recovered a verdict and judgment for injuries to a team of mules, a wagon and its contents, that were struck by one of defendant's railroad trains at Starr's crossing, in the city of Camden.   The collision occurred at midnight.   The driver of the wagon was killed.

Defendant relies for reversal upon alleged improper admission of testimony, the refusal of a motion to nonsuit, the refusal to charge certain requests, and certain exceptions to the charge as given.

There are but three distinct questions raised by the argument submitted.

*First.* It is insisted that there was no proof of a failure by defendant company to give the statutory signal by ringing the bell or blowing the whistle.   We think there was sufficient proof upon this point to go to the jury.   One of the witnesses testified that he was within a square of the crossing at the time of the collision; that it was a still night; that he saw and heard the train going over the crossing; that as the train approached the crossing it did not, to his knowledge, give any signal; that he had good hearing; that he heard the train strike the wagon, and heard a whistle blast given after the train had stopped.   Another witness testified that he lived within a few feet of the crossing; that he was in bed, but not asleep at the time of the collision; that he did not hear the train coming; he heard the crash, but heard no signal, and that immediately after the crash he heard a whistle.   The evidence of these witnesses was sufficient to raise the inference that if the statutory signal had been given before the collision they would have heard it, and that since they did not hear such signal it was not given.

There was no opposing evidence, no witness testifying that

the proper signal was given. Even had this been testified, there would still have been a question for the jury, under *McLean* v. *Erie Railroad Co.,* 40 *Vroom* 57; 41 *Id.* 337; *Goodwin* v. *Central Railroad Co.,* 44 *Id.* 576, 579. The cases of *Eissing* v. *Erie Railroad Co., Id.* 343, and *Holmes* v. *Pennsylvania Railroad Co.,* 45 *Id.* 469, are not parallel.

*Secondly.* It is argued that testimony was improperly admitted to show that there were gates and a gatehouse at the crossing, and that the gates were open and no gateman in attendance, it being unusual to have a gateman at this crossing during the night. It is pointed out in the argument that the declaration is based solely upon the negligent operation of the train, and contains no averment tending to cast upon the defendant a duty to use gates or adopt any other precaution for the safety of travelers at the crossing in question, besides the statutory signal, nor any averment charging the defendant with negligence in failing to use the gates that were at the crossing.

The declaration is, in truth, devoid of such averments. Nevertheless we think the evidence objected to was clearly admissible, not as showing negligence in the failure to operate the gates, but as showing the circumstances under which the collision occurred, and throwing light upon the question whether there was contributory negligence on the part of the driver of the team.

Upon this evidence defendant asked the court to instruct the jury that the open gates were not an invitation to cross, and that notwithstanding the fact that the gates were open at a late hour at night, it was the duty of the driver in crossing the tracks to look and listen for trains before crossing. This was in effect charged. The charge as given is criticised on the ground that the trial judge omitted to mention the circumstance that the gates were open at a late hour at night. But he had already referred to this circumstance in a previous part of his charge.

*Thirdly.* It is insisted that the trial judge erred in refusing to charge, as requested, that the plaintiff could not abandon the wagon injured by the collision and recover for the full

value of it unless it was proven that the wagon was destroyed beyond use. This was not charged in the words of the request, but the language of the charge as given imposed the limitation of damages asked for.

We find no merit in any of the grounds of reversal relied upon. The judgment under review should be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 14.

*For reversal*—None.