## Archilles W. Cook, Appellee, v. Chicago, Burlington & Quincy Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of fact. Opinion filed April 16, 1915. Rehearing denied May 26, 1915.

## Statement of the Case.

Action on the case by Archilles W. Cook, against the Chicago, Burlington and Quincy Railway Company to recover damages for personal injuries alleged to have been received on account of the negligence of the defendant. From a judgment for plaintiff for $5,000, defendant appeals.

The plaintiff was injured while attempting to drive across a railroad track at a regular crossing in front of a slowly-backing freight train, which he had observed for two blocks back, to catch a ferry boat whose leaving signal he had heard just as he was about to cross the track. The plaintiff disregarded the warning signal of the crossing watchman and the call of a brakeman on the next to the last car of the train.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUEL WOODS and MATTHEW F. CARROTT, for appellant; J. A. CONNELL, of counsel.

JOHN E. WALL and GEORGE H. WILSON, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 633*—*when not required to have brakeman on rear car of backing train.* It is not the duty of a railroad company to have a brakeman on the rear end of a freight train which is slowly backing towards a public crossing, where the brakes are efficiently operated by power applied from the locomotive.

2. RAILROADS, § 645a*—*when absence of brakeman from rear of backing train not proximate cause of injury.* The absence of a brakeman on the rear car of a freight train slowly backing towards a crossing is not the proximate cause of an injury to one driving over the crossing to catch a ferry boat which has given its leaving signal, where the driver had observed the progress of the freight train for two blocks back, and was warned by the crossing flagman and by a brakeman on the car next to the rear.

3. RAILROADS, § 695*—*when declaration does not aver duty to place brakeman on rear of backing train.* An allegation in a count in a declaration in an action for personal injuries received while attempting to drive across a track in front of a backing freight train, that it became the duty of defendant railroad company if the cars and engine intended to pass over the crossing, "to station some person on one of such cars, or on the ground at the crossing," for the purpose of warning all persons about to cross the track that the train was being backed towards the crossing and intended to cross over the crossing, does not allege any duty to have some person stationed on the rear car.

4. RAILROADS, § 713*—*what evidence admissible under count charging general negligence.* Proof that there was no brakeman on the rear car of a freight train slowly backing towards a public crossing is competent under a count charging general negligence in the operation of the train, in an action to recover damages for personal injuries alleged to have been received on account of the negligence of the railroad company.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. RAILROADS, § 647*—*when failure to warn not proximate cause of injury.* The failure to sound warning signals upon the approach of a freight train slowly backing towards a public crossing is not the proximate cause of an injury to one attempting to drive over the crossing in front of the approaching train, where he had known for two blocks back that the train was approaching the crossing.

6. RAILROADS, § 678*—*when contributory negligence to cross in front of approaching train.* One who has knowledge of the approach of a freight train which is slowly backing towards a public crossing, not only as a result of his own observation but also because of warnings by a crossing flagman and by a brakeman on the next to the rear car, and attempts to cross, does not exercise due care, and is guilty of contributory negligence.