# Charles L. Schultz, Appellee, v. Chicago & Alton Railroad Company, Appellant.

## Gen. No. 6,613.

1. DAMAGES, § 117*—*when verdict for personal injuries is excessive.* A verdict for $13,000 for injuries necessitating an operation to remove a portion of the small intestines is considered excessive, in view of evidence showing that the plaintiff spent only one month in the hospital, that he made a good recovery, and controverted testimony on his ability to work.

2. EVIDENCE, § 22*—*what not judicially noticed.* The Appellate Court will not take judicial notice that the Chicago & Alton Railroad Company is engaged chiefly in interstate commerce and that intrastate commerce was only incidental.

3. EVIDENCE, § 437*—*when hypothetical question improper as inapplicable to facts.* In an action for personal injuries, by which the plaintiff has been compelled to have a portion of his intestines removed, it is erroneous to ask a hypothetical question assuming a person who has had no trouble with his bowels, when plaintiff has testified to having had diarrhea regularly before the accident.

4. RAILROADS, § 697*—*when evidence as to failure to have air "coupled up" admissible under declaration.* Evidence that the defendant railroad company did not have the air "coupled up" on its train is admissible, under an allegation in an action for personal injuries received at a grade crossing charging that the defendant negligently, carelessly and improperly operated and conducted its train.

5. RAILROADS, § 773a*—*when instruction on right of recovery for injuries because of failure to keep air coupled up is erroneous.* In an action for personal injuries sustained in a grade crossing accident, it is erroneous to charge that the plaintiff cannot recover "solely" because of the defendant's failure, if any, to have the air on its train coupled up, as this infers that such failure was a material factor to be considered, one element going to make up the negligence charged.

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded. Opinion filed April 4, 1919.

O'DONNELL, DONOVAN & BRAY, for appellant; WINSTON, STRAWN & SHAW, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HARRY C. O'BRIEN and PENCE B. ORR, for appellee; DAVID A. OREBAUGH, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

Charles L. Schultz, the appellee, 50 years old, in the employ of Timroth Teaming Company, a truck driver, in September, 1916, drove a heavy truck onto the tracks of the appellant railroad company at a street crossing in the City of Joliet, where he came in collision with an engine and was severely injured. He brought this action on the case, charging in his declaration of three counts; (1) improper running and operation of the engine; (2) carelessly running the engine across the highway with crossing gates open; and (3) carelessly leaving the crossing gates open, leading him to believe that he would be in no danger in going upon the tracks. He alleged in each count that his employer was not operating under or subject to the terms and provisions of the Workmen's Compensation Act [the Act of 1913 as amended in 1915, Callaghan's 1916 St. Supp. ¶ 5475(1) *et seq.*], and that he, himself, was at the time in the exercise of due care for his own safety. The general issue was pleaded.

He introduced evidence supporting the charges of appellant's negligence and the allegations of his own care. Appellant's evidence is in direct conflict therewith, and supports its theory that the occurrence was the result of appellee's carelessness in driving upon the track while its servants were in the exercise of ordinary care in handling the engine. A reading of the record leaves much room for question whether appellee's allegations of appellant's negligence and his own care are either of them sustained by a preponderance of the evidence. Giving weight to the fact that the jury and trial judge were better able than ourselves to judge of the credibility of witnesses that testified before them, we only say that the evidence on

those points was so conflicting and doubtful that a verdict for appellee should only be permitted to stand on a record otherwise free from material error.

Appellee's injury required a serious surgical operation in the removal of a portion of his small intestines. He testified that he had ever since been unable to work. He was able to go home from the hospital in less than a month. The physicians who performed the operation testify that he made a good recovery, and there is apparently credible medical testimony that there is nothing in his present condition which should prevent him from performing manual labor. His counsel only claim here that he is probably permanently disabled. He had a verdict and judgment for $13,000. We are inclined to the opinion that because of the unusual character of the operation and the impression made on laymen by its description, the verdict was much larger than it would have been for an equally damaging injury of some kind more familiar to the members of a jury, and more readily understood by them.

It is claimed by appellant, and practically conceded by appellee, that the Timroth Teaming Company, appellee's employer, was engaged in an extrahazardous business as defined by section 3 of the Compensation Act [Callaghan's 1916 St. Supp. ¶ 5475(3)], and that its election to be bound by the act is conclusively presumed in the absence of proof of rejection of its provisions in the manner there specified. Appellee undertook to prove his allegations that it had rejected those provisions, but there is no evidence of notice to its employees of its election; therefore, it is claimed by appellant that on this record we are to presume it was so bound. It is agreed by counsel if appellee and his employer and appellant were each subject to the act, there could be no recovery in this action, on the authority of *Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413, and *Friebel v. Chicago City Ry. Co.*, 280 Ill.

76, 16 N. C. C. A. 390. But appellee's counsel say there is still a right of recovery here under the second paragraph of section 29 of the Act [Callaghan's 1916 St. Supp. ¶ 5475(29)] if appellant was not so subject, and they add, "the sole question to be now determined, therefore, is whether appellant was subject to the act." They insist that appellant was not because they say it was an interstate carrier and subject to the Federal Employers' Liability Act, unless its servants, whose negligence it is claimed caused the injury, were at the time engaged in intrastate commerce, and they argue it is sufficient that the record shows that appellant was generally engaged in interstate commerce, because they say if at this particular time its servants were engaged in intrastate commerce, the burden was on appellant to show that fact. It is not claimed that the evidence shows appellant is a railroad company engaged in interstate commerce, but it is insisted no such evidence is necessary, because it is said the court should judicially know that fact. They cite *St. Louis Bridge & Tunnel R. Co. v. People,* 127 Ill. 627, where the court, in speaking of certain railroads, said it would take judicial notice of the fact that most of them are long lines extending to considerable distances through the State; that the number of trains and bulk of traffic passing over them daily is comparatively limited; and *Cleveland, C., C. & St. L. Ry. Co. v. Jenkins,* 174 Ill. 398, where it is said to be the duty of courts to take "judicial notice of the general business affairs of life, and of the manner in which ordinary railroad business is conducted, and of the every-day practical operation of them"; and cases in the State courts of Kansas and Texas announcing general principles in a measure supporting their contention. The only case cited in which the direct question is decided is *State v. Missouri Pac. Ry. Co.,* 212 Mo. 658, where it was held that courts would take judicial notice of that fact. We know of no other reported case where that question has been discussed by the

court. The authorities are numerous on the question of what courts will and will not take judicial notice of; so numerous that they are not in entire accord. Courts take judicial notice of certain geographical facts, like the location of a river, and that it is navigable. Following that principle they have taken notice of the location of railroads within the State, and sometimes beyond the State, and to some extent the method of operating trains on those roads. These are geographical and physical facts. It does not necessarily follow that such notice should be taken of the kind and character of business carried on by the owners of the roads. Whether a corporation is engaged in interstate commerce is sometimes a difficult question to answer, as a reference to cases cited and discussed in 12 Corpus Juris, page 121, will show. There can hardly be a rule that courts will take judicial notice in easy cases and require proof in hard ones. In the present case we are asked not only to judicially know that appellant is engaged in interstate commerce, but to further know that it is engaged in it to such an extent that intrastate commerce would be an exception in its course of business, and therefore to presume that at the time in question it was not engaged in intrastate commerce. Some railroad corporations are principally engaged in interstate commerce, and others are principally, but not entirely, engaged in intrastate commerce. We are of the opinion that we cannot take judicial notice that appellant was engaged in interstate commerce, and much less can we assume that intrastate commerce was only an incident to its general business. But as there are other sufficient reasons requiring a reversal of the judgment, and as the matter need not be left without evidence on another trial, we will not undertake such an extended examination and discussion of principles and authorities as we would deem necessary were the result to depend on that decision.

Appellee to prove that his present condition was

caused by the injury introduced an expert witness, who was asked to assume a person "whose stomach and bowels had never given him any trouble before". The question was objected to because it assumed the plaintiff never had stomach or bowel trouble, which was contrary to the evidence, and the objection overruled. That ruling is urged as error because appellee had testified that "before the accident every morning he did have a little diarrhea, but it came from drinking so much water uptown"; and also testified that he had a little diarrhea the morning he was hurt, and had had it before from drinking water. One of the conditions that he complains of since the injury is diarrhea. We think it was error to permit the assumption in the hypothetical question that he had not been troubled with it before the injury. Appellee's counsel say it was not important because the disorder before the injury was not an organic trouble, but it would have been easy to frame a question strictly according to the facts, leaving the expert to judge whether they were important.

Testimony was admitted over appellant's objection that the "air on defendant's train was not connected or coupled up." It is argued that this evidence was improperly admitted because there was no such charge in the declaration. We are inclined to the opinion that the general charge in the first count that the defendant "negligently, carelessly and improperly ran, operated, propelled and conducted one of its said engines and trains of cars," etc., permitted proof of failure to have the air coupled if the proper management of the train at that time and place required it to be coupled. Whether or not it did was a question of fact for the jury under the evidence. Appellant offered an instruction that the plaintiff could not recover because of the failure, if any, to have the air connected or coupled up. The court modified this instruction by inserting the word "solely," so that it read: "The plaintiff cannot recover a verdict in this case 'solely'

because of the failure, if any, to have the air on defendant's train connected or coupled up." This left the jury to infer that in the opinion of the court the failure to have the air coupled was a material factor to be considered by them as one element going to make up the negligence charged. This was error.

We are of the opinion that under the uncertain condition of the evidence as to the defendant's negligence, the plaintiff's care and the extent of the injury, these errors require a reversal of the judgment. It is therefore reversed and the cause remanded.

*Reversed and remanded.*