Bessie Urban, Administratrix of the Estate of Alexander Urban, Deceased, Appellee, v. Pere Marquette Railroad Company, Appellant.*

Gen. No. 34,226.

---

* This case which was formerly published as an abstract (259 Ill. App. 646) is now directed by the court to be published in full.

O'CONNOR, J., dissenting.

Opinion filed December 1, 1930.

GLENNON, CARY, WALKER & MURRAY, for appellant; SIDNEY C. MURRAY and MARVIN A. JERSILD, of counsel.

JOHN A. IRRMANN, for appellee; JOHN A. IRRMANN, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by defendant from a judgment in the sum of $5,000 entered upon the verdict of a jury in an action on the case for alleged negligence resulting in the death of plaintiff's intestate. This is the second trial of the case, the first having resulted in a disagreement of the jury. At the conclusion of plaintiff's evidence and again at the close of all the evidence defendant moved for an instruction in its favor, which was denied, and after verdict, motions of defendant for a new trial and in arrest were overruled.

The declaration is in a single count, and as the argument of counsel is largely directed to and based upon the same, we set it forth in substance. It charged that defendant railroad company was, on December 24, 1925, in possession and control of and was keeping, maintaining and using certain railroad tracks with trains of cars thereon, which tracks extended through the City of Chicago, for the purpose of moving divers freight and passenger trains over these tracks, with locomotive engines, passenger cars, freight cars and other cars in the conducting of its business in transporting passengers and freight; that the intestate at that time, while in the exercise of ordinary care for his own safety, was at 43rd and Leavitt streets crossing the railroad tracks with all due notice to defendant,

its agents and servants then and there in charge of said railroad train; that while plaintiff's intestate was in the act of crossing said tracks of defendant, "*its said locomotive engine* attached to a certain train of cars, was then and there so carelessly, negligently and improperly moved, managed and operated that the said train of cars and locomotive engine ran into and struck the plaintiff's intestate with great force and violence; by reason whereof plaintiff's said intestate was then and there hurled a great distance and thrown to the ground" and killed.

It is urged in behalf of defendant that there is no evidence tending to show that defendant was guilty of negligence as charged; that the intestate was guilty of contributory negligence, and that the trial court erred in refusing to give certain instructions requested by defendant.

The accident in which deceased lost his life occurred on December 24, 1925, in the City of Chicago, at the intersection of 43rd and Leavitt streets. Leavitt street runs north and south, 43rd street east and west. At this intersection at the time of the accident 43rd street was crossed by about 15 tracks of different railroads including the tracks of defendant. The railroad tracks were about three feet above the level of 43rd street, and this elevation was of gradual formation. There was a gate on the east side of these tracks and another gate on the west side of the tracks. There were no lights over the tracks, and the nearest city lights on each side of the tracks were 150 feet distant. A wooden sidewalk was on the north side of 43rd street and extended across the tracks in an east and west direction. A similar sidewalk was on the south side of 43rd street, and it also extended across the tracks. The gates when lowered extended over the street and had an arm which extended over the sidewalk when the gates were down, but there was enough room for a person to walk around this arm. The dis-

tance between the east and west gates was about 180 or 200 feet.

This crossing was in the Stock Yard district. Employees who lived in the neighborhood west of these tracks, in cases where their place of employment was east of the tracks, were accustomed to cross the tracks in going to and from their work. Deceased lived at 4529 South California avenue, which was west of the tracks, and was employed by Wilson & Company, whose place of business was east of the tracks. The deceased had been accustomed to cross these tracks at this place twice a day for some five or six years.

The railroad companies kept a flagman and a watchman at this crossing. There was a flagman's shanty about 30 feet east of the west gate and about four or five feet north of the north sidewalk on 43rd street. Just at the west gate in the southwest corner of the crossing was a tower occupied by a watchman. There was no automatic device to announce the approach of the trains. The watchman knew the times at which the trains were due and when he sighted a train (which he could see when three blocks away) he would lower the gates and ring a bell to notify the flagman. It then became the duty of the flagman when it was dark to hang a red lantern on the gates and to flag the traffic with another red lantern.

There was a switchman's shanty south of the south line of 43rd street, some distance east of the east gate.

The accident occurred at about five o'clock in the afternoon while deceased was on his way home from work. His sight and hearing were good and his general health perfect. It was dark and there was some snow. He walked in a westerly direction on the north side of 43rd street.

At this time one of defendant's passenger trains approached from the south. There were no other trains or engines there. The headlight on the locomotive of defendant's train was burning brightly. A

person walking on the north side of 43rd street would have an unobstructed view of this train approaching from the south for a distance of two or three blocks.

A clear preponderance of the evidence is to the effect that a whistle was blown for this crossing; that an automatic engine bell was ringing, and that the tower bell rang as the train approached. While some of the witnesses testified that they did not hear the whistle and the bells, there is positive testimony of unimpeached witnesses that they were sounded, and the negative testimony was insufficient to raise an issue of fact in these respects. *Morgan v. New York Cent. R. Co.*, 327 Ill. 339; *Pere Marquette Ry. Co. v. Anderson*, 29 F. (2d) 479, 279 U. S. 851.

The evidence for plaintiff tended to show that when the deceased started to cross the tracks the gates were up and that the gates came down ''at the same time the train came through.'' This evidence was objected to by defendant upon the ground that there was no allegation of negligence with reference to the maintenance of the crossing in the declaration. The evidence was admitted, however, upon the authority of *Chicago City Ry. Co. v. Jennings*, 157 Ill. 274. Defendant requested that the court instruct the jury to disregard this evidence except as far as the same might be material in determining whether the intestate was guilty of contributory negligence, but these instructions were denied, and one of the principal contentions of defendant here is that the court erred in admitting this evidence and in refusing these instructions.

We entertain no doubt, as plaintiff asserts, the declaration states a good cause of action. The *Jennings* case compels this conclusion, but this does not quite meet the issue raised. Plaintiff offered no evidence tending to show that defendant was negligent in any other respect, and the question raised by the receiving of this evidence over objection and the refusal to give

the instruction asked is therefore of controlling importance.

In *Toledo, W. & W. Ry. Co. v. Foss,* 88 Ill. 551, it appeared that the declaration alleged that the defendant negligently ran a train of cars against a horse, and it was there held that proof that a gate was left down and that the train was not properly provided with steam brakes was not admissible. In *Wabash, St. L. & P. Ry. Co. v. Coble,* 113 Ill. 115, an instruction which stated in substance that the law imposed the duty on defendant to give signals to persons crossing a railroad track and to keep a lookout, was held to be erroneous because the particular negligence in this respect was not charged in the declaration. In *Central Military Tract R. Co. v. Rockafellow,* 17 Ill. 541, the declaration alleged that defendant negligently "drove, governed and directed said engine and cars," and the court held that this allegation was not supported by proof of making up a train too heavy to be managed and controlled by the engine attached to it.

In *Chicago, B. & Q. R. Co. v. Magee,* 60 Ill. 529, the declaration averred that defendant carelessly ran, conducted and directed its train, and it was held that under this declaration the jury had no right to consider carelessness proved with reference to the equipment of the train with proper machinery. In *South Chicago City Ry. Co. v. Purvis,* 193 Ill. 454, the declaration alleged that defendant negligently "managed and controlled said street car," and it was held that evidence that the brake and controller upon the car were out of repair was admissible under this declaration. In *Larson v. Hines,* 220 Ill. App. 594, the declaration alleged negligence in running and managing the locomotive engines and trains, and it was held that evidence as to negligence in connection with the ringing of the crossing bell was inadmissible. In *Rogers v. West Jersey & S. R. Co.,* 75 N. J. L. 568, 68 Atl. 148, plaintiff's declaration charged the negligent operation

of defendant's train resulting in a collision with the wagon of plaintiff at a grade crossing, and evidence that there were gates at the crossing and that the gateman was absent was held inadmissible to show negligence of defendant; but it was held that the same might be considered in determining whether the driver of the wagon was guilty of contributory negligence. In *Atchison, T. & S. F. R. Co. v. Shaw*, 56 Kan. 519, 43 Pac. 1129, the petition charged that "the engineer and servants in charge of said train, suddenly, carelessly, and with gross negligence, backed said train across said highway, striking the wagon in which plaintiff was riding." Proof was offered that no gates were maintained and no flagman stationed at the crossing, and the court held that where the failure to maintain the gates was relied on as grounds of recovery, it ought to be alleged in the petition.

The necessity of the proof corresponding with the allegations of the declaration in an action in assumpsit is discussed in the recent case of *Hamilton Co. v. Channell Chemical Co.*, 327 Ill. 362, where the court said:

"There is no rule of practice permitting a plaintiff to make one case by his declaration and another by his proof, nor could there be without subverting those principles upon which the science of pleading rests."

Defendant here, as in the trial court, relies upon the *Jennings* case, but that case is not controlling. The question there arose upon a demurrer to plaintiff's declaration questioning its sufficiency, and it was held that the declaration was sufficient. Here it is admitted that the declaration is sufficient but urged that certain evidence offered thereunder was inadmissible. The cases reviewed above are all cited in defendant's brief, and plaintiff has not attempted to distinguish any one of these.

However, as sustaining the view that the evidence was admissible, plaintiff cites *Cohen v. Chicago &*

*Northwestern Ry. Co.,* 104 Ill. App. 314. In that case one count of the declaration alleged that defendant was negligent in that it did not, through a flagman or otherwise, give notice of the approach of its train. The court said that evidence of failure to maintain gates was not admissible to show negligence under that count, but that the fact was admissible on the question of plaintiff's contributory negligence. The case is rather against the contention made here by plaintiff. The opinion expressly stated that the cause set forth in the count which alleged a failure to signal was not identical with one which charged a failure to maintain gates, but that evidence as to the condition of the gates was "competent evidence on the issue of due care of the deceased." This rule of law is consistent with the instruction requested by defendant which was refused by the court.

Plaintiff also cites *Chicago General Ry. Co. v. Carroll,* 189 Ill. 273, which holds that where a declaration charging general negligence was filed, the statute of limitations did not run against specific acts of negligence not inconsistent with the general negligence as charged in the counts filed subsequently.

Plaintiff also cites *Cook v. Chicago, B. & Q. Ry. Co.,* 193 Ill. App. 527, where it was held that proof that there was no brakeman on the rear car of a freight train was competent under a count charging general negligence in the operation of the train, and plaintiff also cites *Schultz v. Chicago & Alton R. Co.,* 213 Ill. App. 628, where evidence that defendant did not have the air "coupled up" on its train was held admissible under a similar count.

Plaintiff also calls attention to *Illinois Cent. R. Co. v. Aland,* 192 Ill. 37, where it was held that under a count which charged that defendant negligently moved a certain engine with great force against plaintiff, it was permissible to show that the bell was not rung or the whistle sounded. *Beeson v. Vandalia R. Co.,* 161

Ill. App. 267, is also cited. In that case a count charging negligence generally in the operation of an engine was held sufficient on the authority of the *Jennings* case.

Without discussing all these cases in detail, it is sufficient to say that each case upon which plaintiff relies is easily distinguishable. We hold that the evidence here offered as to the condition of the gates was admissible but only on the issue of contributory negligence, and that it was therefore error to refuse an instruction to that effect as requested by defendant.

Plaintiff offered no other evidence tending to show negligence on the part of defendant, and there is no evidence in the record from which the jury could reasonably find that defendant was negligent in any other particular, such as in the failure to blow the whistle or ring the bell. We have already pointed out that there is no competent evidence in the record tending to show that the whistle was not sounded or the bell rung.

Although plaintiff suggests the contrary, neither is there any evidence from which a jury could find that the speed at which the train moved was negligent. Defendant's witnesses placed it at 30 to 40 miles an hour. There is no evidence in the record as to any statute or municipal regulation limiting the rate of speed at the place where this accident occurred, nor any evidence tending to show that the speed at which the train moved was unusual or dangerous. There was therefore no evidence upon which a jury might base a verdict of negligence in this respect. *Chicago & Alton R. Co. v. Sanders,* 154 Ill. 531; *Morgan v. Rockford, B. & J. Ry. Co.,* 251 Ill. App. 127; *Butler v. Illinois Traction, Inc.,* 253 Ill. App. 135, are only a few of the numerous cases that might be cited so holding under similar circumstances.

Plaintiff, however, urges that the doctrine of *res ipsa loquitur* is applicable and that the verdict of guilty can be sustained upon that theory. *Chicago*

*Union Trac. Co. v. Giese,* 229 Ill. 260; *O'Callaghan v. Dellwood Park Co.,* 242 Ill. 336; *Bollenbach v. Bloomenthal,* 255 Ill. App. 305; *Kiewert v. Balaban & Katz Corp.,* 251 Ill. App. 342; *Feldman v. Chicago Rys. Co.,* 289 Ill. 25. In *Feldman v. Chicago Rys. Co.,* the court said:

"The doctrine of *res ipsa loquitur* may be stated thus: When a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence in the absence of an explanation by the parties charged that it arose from the want of proper care."

The facts of this case do not bring it within that definition. The accident here is just as consistent with negligence on the part of the deceased as it is with negligence on the part of defendant. It would be an unwarranted extension of the doctrine of *res ipsa loquitur* to hold the same applicable to a case of this character.

Defendant contends that plaintiff's intestate was guilty of such contributory negligence as to bar recovery. We think that under the evidence appearing in this record that contention must be sustained. The testimony shows without contradiction that plaintiff's intestate was in good health; that his hearing and eyesight were good. There is no evidence as to his habits of prudence, care and caution.

The undisputed evidence shows that as the deceased approached the crossing he had an unobstructed view of the approaching train for two or three blocks. He was a pedestrian. He was unaccompanied by any other person and was without obligation at this time to provide for the safety of any other person. The crossing was clear of traffic. There was no other train

or trains approaching from the same or different directions. The headlight on the train in question was burning brightly. The only circumstance which might be suggested as excusing the deceased's presence upon the track at the time he was hit is one supported by the testimony of a single witness, whose testimony is highly improbable and against the preponderance of all the evidence, and who says that the gate was up.

Plaintiff has cited a number of cases to the proposition that a mere failure of a person approaching a railroad crossing to look and listen is not negligence as a matter of law. *Elgin, J. & E. Ry. Co. v. Lawlor,* 229 Ill. 621, 624; *Chicago Junction Ry. Co. v. McAnrow,* 114 Ill. App. 501; *Eggert v. Pennsylvania Co.,* 189 Ill. App. 58, are a few of the many cases cited. These cases in effect hold that a failure to look and listen cannot be said to be negligence as a matter of law where there are circumstances tending to excuse such failure. There might be circumstances which would excuse the driver of a team of horses but which would not excuse a pedestrian, and there might be circumstances, such as a congestion of traffic on the crossing or of an absence of light on the locomotive, or of persons whose hearing or eyesight were impaired, or other similar circumstances which would make an issue for the jury.

There are no such circumstances appearing in this record. Here there was nothing to confuse deceased, such as trains coming at the same time from the same or different directions. The situation was such that if the deceased had looked he would have seen the approaching train and the accident would have been averted. The only circumstance that would tend to excuse is the one which exists if we assume that the gates were up, as plaintiff's uncertain evidence might tend to show. That one fact when considered with all

the circumstances established in this case by uncontradicted evidence is insufficient to raise a question for the jury.

The allegation of due care under the law of this State is a material averment which plaintiff must prove affirmatively in order to recover. *Newell v. Cleveland, C., C. & St. L. Ry. Co.*, 261 Ill. 505. In a recent case our Supreme Court said: "No one can assume that there will not be a violation of the law or negligence of others and then offer such assumption as an excuse for failure to exercise care." *Greenwald v. Baltimore & Ohio R. Co.*, 332 Ill. 627; *Illinois Cent. R. Co. v. Oswald*, 338 Ill. 270; *Goodman v. Chicago & E. I. Ry. Co.*, 248 Ill. App. 128.

Upon the uncontradicted evidence we find that plaintiff's intestate was guilty of negligence as a matter of law which precludes recovery.

For the reasons indicated the judgment is reversed with a finding of facts and judgment for defendant here.

*Reversed with finding of facts and judgment here.*

McSURELY, J., concurs.

O'CONNOR, J.: I think the judgment should be reversed and the cause remanded.

Finding of facts: We find as facts that defendant railroad company in this case was not guilty of any negligence proximately tending to cause the death of plaintiff's intestate; that plaintiff's intestate before and at the time of the accident which resulted in his death was guilty of such contributory negligence approximately tending to cause the injuries which he received and which resulted in his death as to prevent a recovery by plaintiff as a matter of law; that judgment should be entered here in favor of defendant and against plaintiff for costs.